# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-02661 |
| v. | (KOSIK, J.) |
| | (MEHALCHICK, M.J.) |
| STATE OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court upon the Plaintiff's Motion for a Preliminary Injunction. (Doc. 12). For the reasons stated herein, it is recommended that the motion be denied.

### I. BACKGROUND

On October 29, 2013, the Court received and filed a *pro se* complaint against the Defendants in which Plaintiff Angel Luis Thomas alleged a violation of his constitutional rights and requested injunctive relief and an award of damages pursuant to 28 U.S.C. § 1983. (Doc. 1). Thomas is a state prisoner incarcerated at SCI Huntingdon in Huntingdon County, Pennsylvania. In his complaint, he asserts that the Defendants denied him "single-cell" or "z-code" status based on his prior misconduct history, thereby depriving him of his equal protection, due process, and double jeopardy rights. In addition, Thomas appears to assert various state law claims, arising under the Pennsylvania criminal code.

On December 4, 2013, the Court received and filed the instant motion for preliminary injunctive relief. (Doc. 12). By this motion, Thomas requests a preliminary injunction directing

the Defendants to confer "single-cell" or "z-code" status on him during the pendency of this case. Thomas contends that single-cell status is necessary to prevent him from being attacked by a cellmate. He contends that, with a cellmate, he is only able to work on this litigation in those "rare times" when he is alone in his cell. In addition, he contends that single-cell status will permit him "the solace and solitude" he needs to properly concentrate on his legal research and writing in connection with this case. The Defendants have not responded to the motion.

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[1] *United States v.*

---

[1] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

2

*Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

      Here, Thomas has failed to articulate any immediate irreparable injury that he will suffer if preliminary injunctive relief is not granted. He claims that single-cell status is necessary to protect him from the risk of attack by a cellmate, but he fails to allege any facts to suggest the existence of an actual and imminent threat of harm by any past, present, or prospective cellmate beyond a generalized and speculative fear of such an assault. Thomas's motion papers further suggest that having a cellmate limits his opportunities to spend time working on his case without disruption or distraction, but to the extent that the nature of his accommodations interferes with his ability to adequately prepare litigation papers in a timely fashion, a more appropriate remedy would be to request an extension of time whenever more time is needed to comply with a case management deadline. *See generally* Fed. R. Civ. P. 6(b).

      Moreover, Thomas has failed to demonstrate a likelihood of success on the merits of his case. For one, most — if not all — of the salient events described in the complaint giving rise to his claims occurred more than two years before the filing of the complaint in this action, and

thus his claims are likely time-barred. *See Kach v. Hose*, 589 F.3d 626, 634–35 (3d Cir. 2009) (two year statute of limitations for § 1983 claims arising in Pennsylvania). To the extent Thomas alleges ongoing or continuing acts, it is well established that an inmate has no constitutional right to single-cell status. *See Johnson v. Chambers*, No. 1:11-CV-831, 2012 WL 398335, at *14–*15 (M.D. Pa. Jan. 20, 2012) (no Eighth Amendment right); *Carpenter v. Kloptoski*, No. 1:08-CV-2233, 2012 WL 911558, at *3 (M.D. Pa. Mar. 16, 2012) (no Fourteenth Amendment right). Moreover, "it is clear that a prison's practice of both disciplining an inmate, and prospectively restricting inmate privileges as a result of an episode of inmate misconduct, does not offends double jeopardy principles." *Green v. Strada*, No. 1:12-cv-1089, 2013 WL 5773404, at *5 (M.D. Pa. Oct. 24, 2013); *see also United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993) ("[A] prison disciplinary hearing is not a prosecution for Double Jeopardy Clause purposes."). Accordingly, at this stage, Thomas has failed to demonstrate a clear likelihood of success on the merits of his claims sufficient to warrant preliminary injunctive relief.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the Plaintiff's Motion for a Preliminary Injunction. (Doc. 12) be **DENIED**.

BY THE COURT:

Dated: July 23, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-02661 |
| v. | (KOSIK, J.) |
| | (MEHALCHICK, M.J.) |
| STATE OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 23, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 23, 2014**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**