UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS,<br>Plaintiff,<br><br>v.<br><br>STATE OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br>Defendants. | CIVIL ACTION NO. 3:13-CV-2661<br><br>(JUDGE KOSIK) |

FILED
SCRANTON
AUG 18 2014
Per_____
DEPUTY CLERK

## MEMORANDUM

Before the Court are Plaintiff's objections (Doc. 32) to the Report and Recommendation of Magistrate Judge Karoline Mehalchick filed July 23, 2014 (Doc. 28). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

### BACKGROUND

Plaintiff, Angel Luis Thomas, an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on October 29, 2013. The basis of Plaintiff's Complaint relates to his housing status, which he asserts is in violation of equal protection and other constitutional rights.

On December 4, 2013, Plaintiff filed a Motion for Preliminary Injunction (Doc. 12). Plaintiff requests a preliminary injunction directing Defendants to confer "single-cell" or "z-code" status on him. Plaintiff alleges that he is being discriminated against and not treated like other inmates. On July 23, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 28), wherein she recommended that Plaintiff's Motion for Preliminary Injunction be denied. Specifically, after discussing the law involving preliminary injunctions and the four (4) factors to be considered, the

Magistrate Judge concluded that Plaintiff was not entitled to injunctive relief. The Magistrate Judge found that Plaintiff failed to articulate any immediate irreparable injury and that he failed to demonstrate a likelihood of success on the merits. On August 7, 2014, the Plaintiff filed Objections and Request for Reconsideration (Doc. 32).[1]

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his Objections, Plaintiff argues that he has shown irreparable harm based on the 6/11/14 supplement.[2] He also objects to the Magistrate Judge's finding that he fails to demonstrate a likelihood of success based on a statute of limitations because he argues that his claims are continuous and on-going. Finally, while he does not dispute the Magistrate Judge's findings that he has no right to a single cell, he does not believe these principles should be applied in his case, because he is arguing a right to equal protection.

---

[1] We note that Plaintiff also filed some other Motions at the time he filed his Objections. We will not address these Motions, but will refer them to the Magistrate Judge.

[2] On June 11, 2014, Plaintiff filed an "Attachment to the Procedural History" (Doc. 23), wherein Plaintiff relates an incident with his cellmate that precipitated Plaintiff asking for a transfer to a different cell. Plaintiff packed his things and was moved from his cell, despite standard procedure of "last man in a cell is the first one moved out." Plaintiff asserts that this conduct supports his claim of denial of equal treatment and that he has been subjected to threats and acts of retaliation.

An injunction is an "extraordinary remedy" that is never awarded as of right. <u>Winter v. Natural Resources Defense Council</u>, ___ U.S. ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). The Third Circuit has outlined four requirements that a court ruling on a motion for a preliminary injunction must consider: (1) whether there is a reasonable probability of success on the merits; (2) whether irreparable injury will result without injunctive relief; (3) whether granting the injunction will result in even greater harm to the nonmovant; and (4) whether granting the injunction is in the public interest. <u>Rogers v. Corbett</u>, 468 F.3d 188, 192 (3d Cir. 2006); <u>Crissman v. Dover Downs Entertainment Inc.</u>, 239 F.3d 357, 364 (3d Cir. 2001). The movant bears the burden of establishing these elements. <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chamberlain</u>, 145 F. Supp.2d 621, 625 (M.D. Pa. 2001). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. See <u>Stilp v. Contino</u>, No. 1:09-cv-0524, 2009 WL 1842087 at *4 (M.D. Pa. June 29, 2009) citing <u>Swartzwelder v. McNeilly</u>, 297 F.3d 228, 234 (3d Cir. 2002). If the movant fails to carry his burden on either the element of likelihood of success on the merits or irreparable harm, the motion should be denied. See <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989).

We have reviewed the findings of the Magistrate Judge in conjunction with Plaintiff's Objections, and we agree with her conclusions. While Plaintiff cites the 6/11/14 Supplement (Doc. 23) as evidence of immediate irreparable injury, we agree with the Magistrate Judge's finding that this is merely speculative. Moreover, we agree with the Magistrate Judge that the Plaintiff's likelihood of success on the merits is not clear at this stage. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge. The Plaintiff's Motion for Preliminary Injunction will be denied. An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>STATE OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br>　　　　Defendants. | CIVIL ACTION NO. 3:13-CV-2661<br><br>(JUDGE KOSIK) |

## ORDER

AND NOW, THIS __18__ DAY OF AUGUST, 2014, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Karoline Mehalchick filed July 23, 2014 (Doc. 28) is **ADOPTED**;

(2) The Plaintiff's Motion for Preliminary Injunction (Doc. 12) is **DENIED**; and

(3) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

　　　　　　　　　　　　　　　　　　　　　_[signature]_
　　　　　　　　　　　　　　　　　　　　　Edwin M. Kosik
　　　　　　　　　　　　　　　　　　　　　United States District Judge